**Multistate**

**NOTE**

JUNE 26, 1995
**(Dale)**

6332 REEDLAND STREET                    AX.
CITY OF PHILADELPHIA, PA 19 lA^

1,   PARTIES
  ^Borrower* means each person signing at the end of this Mole, and the person's successors and assigns. 'Lender* means
MERIDIAN BANK

and its successors and assigns.

2. BORROWER'S PROMISE TO PAY; INTEREST
  In return for a loan received from Lender, Borrower promises to pay the principal sum of
  THIRTY-FOUR THOUSAND TWO HUNDRED-TWO AND NO/lOO

Dollars (U.S. $            34,202.00 ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from
(fie date of disbursement of (lie loan proceeds by Lender, at the rate of EIGHT AND 000/1000                              percent
(            8.000            ) per year until the full amount of principal has been paid.

*3.* PROMISE TO PAY SECURED
  Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date
as this Note and called (he 'Security Instrument? That Security Instrument protects the Lender from losses which might result if
Borrower defaults under this Note.

4. MANNER OF PAYMENT
  (A)        Time
  Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
  AUGUST 1ST              , 1995 , Any principal and interest remaining on the first day of JULY
  2025, will be due on that date, which is called the ''Maturity Date?

  (B)  Place
  Payment shall be made at 35 NORTH 6TH STREET
    READING, PA 196 01                              or at such other place as Lender may designate in writing
by notice to Borrower.
  (C)  Amount
  Each monthly payment of principal and interest will be in the amount of $            250.96 , This amount will be pari
of a larger monthly payment required by the Security Instrument, that shah be applied to principal, interest and other items in the
order described in the Security Instrument.
  (D)  Allonge to this Note for payment adjustments
  If .an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the
allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this
Note. (Check applicable box J

    Cl Graduated Payment Allonge QZJ Growing Equity Allonge C~] Other [specify]

5. BORROWER'S RIGHT TO PREPAY
  Borrower has the right to pay the debt evidenced by this Note, in whole or m part, without charge or penalty, on the first da}'
of any month.

6, BORROWER'S FAILURE TO PAY
  (A)  Late Charge for Overdue Payments
  If Lender has not received the full monthly payment required bl* the Security Instrument. as described in Paragraph 4(C) of
(his Note by the eud of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of
            FOUR                    per cent (        4.000        **%)** of the overdue amount of
each payment.
  (B)  Default
  If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the
Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all
accrued interest. Lender may choose not to exercise this option without waiving its rights lQ (he tvent of any subsequent default. Io
many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case
of payment defaults. This Note docs not authorize acceleration when not permitted by HUD regulations. As used in this Note,
'Secretary means the Secretary of Housing and Urban Development or his or her designee.
  (C)  Payment of Costs and Expenses
  If Lender has required ixotnediate payment in full, as described above, Lender may require Borrower to pay costs and
expenses including reasonable and customary attorneys[1] fees for enforcing this Note. Such fees and costs shall bear interest from
(he date of disbursement at the same rate as the principal of this Note.

**ORIGINAL**

iR-i aw. *7/&3*

7,   WAIVHRS

Borrower and any other person who has obligations under this Note waive the right of presentment and notice of dishonor, 'Presentment* means the right to require Lender to demand payment of amounts due. 'Notice of dishonor" means the right to require Loader to give notice to other persons that amounts due have not been paid.

S.  GIVING OFNOTICBS

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrowers different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person isfully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surely or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
ARCY CRUTE                                -Borrower

_____ (Seal)
                                          -Borrower

_____ (Scat)
                                          - Bo лтоve <

                                          (Seal)
                                          -Borrower

PAY WITHOUT RECOURSE TO CORESTATES BANK N.A. AS TRUSTEE UNDER A TRUST INDENTURE OF THE PENNSYLVANIA HOUSING FINANCE AGENCY DATED AS OF APRIL 1, 1982.

_____
CHRISTINA L. MELOSKY
ASSISTANT SECRETARY, MERIDIAN BANK